

# KEN PAXTON
### ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable Wesley H. Mau
Hays County Criminal District Attorney
712 South Stagecoach, Suite 2057
San Marcos, Texas 78666

Opinion No. KP-0049

Re: Questions regarding a notice prohibiting entry with a handgun onto certain premises under section 30.06 of the Penal Code and section 411.209 of the Government Code (RQ-0051-KP)

Dear Mr. Mau:

You present several questions about what constitutes a violation of section 411.209 of the Government Code as implicated by Penal Code section 30.06, which provides for a notice to prohibit entry with a handgun onto certain premises.[1] In connection with your request, you tell us that the Hays County Government Center ("Center") is "a large, three-story structure housing a variety of government offices." Request Letter at 1. You indicate that many of the offices in the Center are inhabited by courts or offices utilized by the courts but that several offices in the Center "*do not* serve the courts." *Id.* at 2. And you inform us that Hays County has historically prohibited weapons from being carried within the entire building. *Id.* You tell us that several signs are posted in the parking lot and at the entrance to the Center indicating that it is a "Weapons Free Zone." *Id.* Further, you tell us that "a metal-detector-equipped security checkpoint" is located a short distance, inside the entrance to the Center. *Id.* You also indicate that "there are no '30.06 signs' posted, and the existing signage does not reference 'a law or a concealed handgun license.'" *Id.* at 2–3. Finally, you state that the sheriff's deputies provide notice to licensees upon passing through the security station "that they may not proceed into the building with a firearm" due to subsection 30.06(a)(2)(B) of the Penal Code. *Id.* at 3.

With this context, you specifically ask:

> (1) Does a sign that says, "Weapons Free Zone," but which does not include the language of [subsection] 30.06(c)(3)(A), violate the restrictions imposed on the government by [section] 411.209,

---

[1]*See* Letter from Honorable Wesley H. Mau, Hays Cnty. Crim. Dist. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1, 3 (Sept. 9, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

generally (*i.e.*, whether or not the Hays County Government Center constitutes court premises)?

(2) Does oral notice by a security deputy to a license holder that he may not enter a building housing court[s] and offices used by the courts, but which building also houses offices not directly used by the courts, such as the Hays County Government Center, violate the restrictions imposed on the government by [section] 411.209?

(3) Is a license holder who wishes to enter the Government Center in violation of Texas Penal Code [section] 30.06, if the license holder is told by security personnel that possessing a firearm in the building is prohibited and the license holder refuses to relinquish any carried firearms and also refuses to exit the building?

Request Letter at 3. Relevant to your questions, subsection 411.209(a) provides that

[a] state agency or a political subdivision of the state[2] may not provide notice by a communication described by Section 30.06, Penal Code, or by any sign expressly referring to that law or to a concealed handgun license, that a license holder carrying a handgun under the authority of this subchapter is prohibited from entering or remaining on a premises or other place owned or leased by the governmental entity unless license holders are prohibited from carrying a handgun on the premises or other place by Section 46.03 or 46.035, Penal Code.

TEX. GOV'T CODE § 411.209(a) (footnote added). As an initial matter, attorney general opinion KP-0047 recognized that the relationship between sections 30.06, 46.03, and 46.035 authorizes a governmental entity of the state to prohibit handguns from only those locations identified by sections 46.03 and 46.035. *See* Tex. Att'y Gen. Op. No. KP-0047 (2015) at 3. Opinion KP-0047 also concluded that although the full scope of subsection 46.03(a)(3) is unclear, it is at least clear that the Legislature intended to prohibit concealed handguns from government courtrooms and the offices essential to the operation of the courts. *See id.* at 4–5. Thus, it is only the courtrooms, and those offices determined to be essential to their operations, from which Hays County may prohibit concealed handguns without risk of incurring the civil penalty in section 411.209 of the Government Code.

However, your first two questions also implicate the question whether certain notices "violate the restrictions imposed on the government by [section] 411.209." Request Letter at 3. Subsection 411.209(a) does not create an offense and penalty regarding the manner of the notice;

---

[2]Hereinafter collectively referred to as "governmental entity."

instead, it creates an offense and penalty for a governmental entity that seeks to prohibit a licensee from carrying a handgun onto premises where handguns are lawfully permitted. *See* TEX. GOV'T CODE § 411.209(a). Thus, these questions present the issue of whether a written notice that does not conform to the language required of a "written communication" in subsection 30.06(c)(3)(A), or an oral notice, function as notice to a licensee that handguns are prohibited such that if posted in an area where handguns are permitted would serve as grounds to support a complaint against the governmental entity. In other words, we must determine whether subsection 411.209(a) is implicated by an oral notice or a written notice that does not conform to the language provided in section 30.06.

In our consideration of section 411.209, we are mindful that the primary canon of statutory construction is to determine the intent of the Legislature. *City of Lorena v. BMTP Holdings, L.P.*, 409 S.W.3d 634, 641 (Tex. 2013). Like the courts, we seek that intent first and foremost from the text. *See id.* Courts only "resort to rules of construction or extrinsic aids" when a statute's words are ambiguous. *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex. 2009); *see also* TEX. GOV'T CODE § 311.023(3), (5) (allowing for the consideration of legislative history or the "consequences of a particular construction" to aid in statutory construction).

The language of subsection 411.209(a) broadly refers to a notice that is "a communication described by Section 30.06, Penal Code" or "any sign expressly referring to that law or to a concealed handgun license." TEX. GOV'T CODE § 411.209(a). Section 30.06 describes notice given orally or by "written communication." *See* TEX. PENAL CODE § 30.06(b), (c)(3)(A)–(B) (specifying language for a "written communication"). Yet, other subsections of 411.209, which govern the attorney general's enforcement of section 411.209, refer to only a sign. *See* TEX. GOV'T CODE § 411.209(d) (requiring citizen complaint to describe the "specific location *of the sign* found to be in violation") (emphasis added), (f)(1) (requiring the office of the attorney general to give a governmental entity notice that "describes the violation and specific location *of the sign*") (emphasis added), (f)(3) (authorizing the office of the attorney general to give the governmental entity fifteen days "to remove *the sign* and cure the violation") (emphasis added). This limited language about a sign differs from the initial and broad description of a "communication described by section 30.06." *Id.* § 411.209(a). Again, the Legislature has not acted with great clarity in this matter and enacted section 411.209 with internal ambiguities regarding the nature of the notice, the giving or posting of which by a governmental entity may subject the governmental entity to a penalty. Thus, we consider relevant legislative history. *See id.* § 311.023(3) (allowing for the consideration of legislative history to aid in statutory construction).

The bill analysis for Senate Bill 273, enacting section 411.209, states that "[w]hen uncooperative governments post signs to ban Texas citizens from carrying where it is legal, they are breaking the law and infringing on the second amendment rights of Texas citizens. S.B. 273 provides an enforcement mechanism . . . to stop these illegal postings." SENATE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. S.B. 273, 84th Leg., R.S. (2015) at 1. A similar motivation was behind the Legislature's 2003 addition of subsection 30.06(e) of the Penal Code, which operates to preclude a governmental entity from prohibiting the carrying of handguns from premises other than those listed in sections 46.03 and 46.035. *See* TEX. PENAL CODE § 30.06(e). The bill analysis for the enactment of subsection 30.06(e) acknowledged that some governmental entities have misinterpreted the law to "allow[] them to ban weapons in any location other than the specific

places listed in the statute." House Research Org, Bill Analysis, Tex. S.B. 501, 78th Leg., R.S., (2003) at 3–4. These statements are evidence that the Legislature intended to prevent governmental entities from trying to prohibit a licensee from carrying a handgun in locations other than ones identified in sections 46.03 or 46.035. These statements also indicate the Legislature intended to create an enforcement mechanism for subsection 30.06(e) to give teeth to the restriction against governmental entities improperly seeking to exclude licensees from carrying handguns into lawful areas. Subsection 411.209(a) can reasonably be construed to be this enforcement mechanism intended to induce governmental entities to comply with the law.

To effectuate the Legislature's intent to prevent governmental entities from seeking to wrongly exclude handguns from where they are lawful, a court would likely construe section 411.209 to be implicated by any type of notice that seeks to improperly prohibit handguns. Thus, any oral notice given by a governmental entity regarding the prohibition of handguns, if given where handguns are lawful, can serve as an improper exclusion in violation in section 411.209. And the sign about which you inquire that does not use the statutory language but states that the Center is a "Weapons Free Zone," if placed in an area where handguns are allowed, would similarly invoke the enforcement mechanism of section 411.209.

This conclusion is bolstered by the fact that to conclude otherwise would thwart the intent of the Legislature. *See* TEX. GOV'T CODE § 311.023(5) (authorizing in statutory construction the consideration of the "consequences of a particular construction"). If section 411.209 were construed such that a violation for the exclusion of handguns occurred only if the improperly placed notice was a written communication conforming to section 30.06, a governmental entity could avoid penalty by either providing oral notice or providing a nonconforming written notice. That is contrary to the Legislature's intent to stop governmental entities from infringing on Texas citizens' rights to carry handguns wherever the law allows.

Your third question involves a license holder who, upon receiving proper notice, refuses to relinquish any concealed handguns or who refuses to exit the building. *See* Request Letter at 3. The plain language of section 30.06 provides that a license holder commits an offense if the license holder carries a concealed handgun on the property of another without consent and received notice that entry on the property with a concealed handgun was forbidden. *See* TEX. PENAL CODE § 30.06(a). By the terms of the statute, a license holder carrying a concealed handgun who fails, after notice, to exit premises from which sections 46.03 or 46.035 prohibit concealed handguns commits an offense generally punishable as a Class A misdemeanor. *Id.* § 30.06(d). Conversely, a licensee who refuses to relinquish any concealed handgun or refuses to exit the building after being given notice by a governmental entity does not commit an offense if the building is not one from which sections 46.03 and 46.035 prohibit concealed handguns. *See id.* § 30.06(e).

## S U M M A R Y

Pursuant to Opinion KP-0047, it is only the courtrooms, and those offices determined to be essential to their operations, from which Hays County may prohibit concealed handguns without risk of incurring a civil penalty under section 411.209 of the Government Code.

A court would likely conclude that section 411.209 of the Government Code can be implicated by a governmental entity that seeks to improperly prohibit handguns from a place where handguns may be lawfully carried through oral notice or by a written notice that does not conform to section 30.06 of the Penal Code.

By the terms of section 30.06 of the Penal Code, a license holder carrying a concealed handgun who refuses, after notice by the governmental entity, to exit premises from which Penal Code sections 46.03 or 46.035 prohibit handguns commits an offense punishable as a misdemeanor. Conversely, a licensee who refuses to relinquish any concealed handgun or refuses to exit the building after being given notice by a governmental entity does not commit an offense if the building is not one from which sections 46.03 and 46.035 prohibit concealed handguns.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee